IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-02753-BNB


MEL BOMPREZZI,

     Applicant,

v.

RICK RAEMISCH, Exec. Director CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER OF DISMISSAL

_____


     Applicant, Mel Bomprezzi, is in the custody of the Colorado Department of

Corrections at the Centennial Correctional Facility in Cañon City, Colorado.  On October

8, 2014, Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254.  After review of the Application, Magistrate Judge Boyd N. Boland

entered an order on October 8, 2014, directing Applicant to cure certain deficiencies.

Magistrate Judge Boland found Applicant had failed either to file a motion for leave to

proceed pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $5 filing fee.

Magistrate Judge Boland also directed Applicant to assert on the Court-approved form

both the claims he seeks to raise and the specific facts to support each asserted claim.

     Magistrate Judge Boland stated in the October 8, 2014 Order that Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts requires

Applicant to go beyond notice pleading, *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7

(1977), and that naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The Court finds Magistrate Judge Boland correctly determined that the Application was deficient and that in order to cure the deficiency Applicant must submit a new Application that states a violation of the United States Constitution or laws or treaties fo the United States and the specific facts to support the claim.

Applicant paid the $5 filing fee but failed to submit an Application that complies with the October 8, 2014 Order.  As a result, Applicant has failed to comply in part with Magistrate Judge Boland's directives within the time allowed.  Therefore, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure deficiencies and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperi*s on appeal is denied.

DATED at Denver, Colorado, this  18th  day of      November      , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court